UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDON RICHARDS,

    Petitioner,

v.

CASE NO: 8:07-CV-172-T-30TGW
Crim. No: 8:05-cr-52-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

# ORDER
# and
# NOTICE OF EVIDENTIARY HEARING

Petitioner, Brandon Richards (hereinafter referred to as "Richards" or "Petitioner"), an inmate in the federal penal system proceeding pro se, has timely filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § §2255 (Dkt. #1). The government has filed a response (Dkt. #8) to which the Petitioner has replied (Dkt. #9). The petition fails to set forth grounds sufficient to vacate the sentence. The Petitioner's motion, therefore, will be denied.

## BACKGROUND

Petitioner pled guilty, pursuant to a plea agreement containing a sentence appeal waiver, to possession with intent to distribute fifty grams or more of methamphetamine, in

violation of 21 U.S.C. § §§ 841(a)(1) and 841(b)(1)(B)(viii) (Count One) and to carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § §924(c)(1)(A) (Count Two). On January 25, 2006, after granting him a two level downward departure on a §5K1.1 Motion, the Court sentenced him to 100 months imprisonment and 48 months of supervised release on Count One and 60 months imprisonment on Count Two, to be served consecutively. On June 5, 2006, the government moved under Rule 35(b) to grant Richards a two level downward departure for his substantial assistance. The Court granted the motion and entered an amended judgment that reduced the sentence to 84 months imprisonment on Count One.

Petitioner did not file a direct appeal. Petitioner timely filed this §2255 petition asserting the following grounds for relief:

1. The sentence appeal waiver was not knowingly and voluntarily made because he did not understand the full significance of the waiver.

2. Counsel was ineffective for failing to object to the sentencing judge's erroneous enhancement of Richards' sentence.

3. Counsel was ineffective for failing to present available mitigating evidence at Richards' sentencing.

4. Counsel was ineffective for failing to file a notice of appeal or to consult Richards about the relative merits of doing so.

**Standard of Review**

Title 28 U.S.C. §2255 allows review of a federal prisoner's sentence for any one of the following reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. §2255.  Only constitutional claims, jurisdictional claims, and fundamental claims of error that would result in a miscarriage of justice are permissible for collateral attack.

Counsel is presumed to be competent to assist a defendant.  United State v. Cronic, 466 US 648, 658 (1984).  The burden, therefore, is on the accused to show that counsel was ineffective.  Id.  In order to do so, Petitioner must prove that his counsel was deficient, which requires a showing that counsel's performance was unreasonable under current professional norms.  Strickland v. Washington, 466 US 668, 688 (1984).  Petitioner must also prove that the deficiency prejudiced the defense, which requires a showing that there is a reasonable probability that but for counsel's errors, the sentencing judgment would have been different. Id. at 694.

The Eleventh Circuit has reaffirmed the Supreme Court's opinion that effective assistance needs simply to be within the "wide range of reasonable professional assistance." Felker v. Thomas, 52 F.3d 907, 912 (11th Cir. 1995) (quoting Strickland at 689).  Within that wide range of reasonable professional assistance, there is room for different strategies, no one

of which is "correct" to the exclusion of all others. Id. The Court may dispose of ineffectiveness claims on either Strickland prong. Oats v. Singletary, 141 F.3d 1018, 1023 (11th Cir. 1998).

## Discussion

**1.      The sentence appeal waiver was not knowing and voluntary because he did not fully understand its significance.**

Petitioner did not make this claim in his §2255 Motion, but did raise it in his brief. Therefore, the Court will address the claim.

Petitioner asserts that he did not knowingly and voluntarily waive his right to appeal, which was a provision of his plea agreement, because he was not able to understand that provision. However, when questioned by the Court during the plea colloquy, Petitioner stated that he did understand the provisions of the plea agreement. In fact, the Court asked Richards about whether he understood the consequences of his plea, specifically the consequences of the sentence appeal waiver. Richards answered in the affirmative. It is clear that Petitioner knowingly and voluntarily waived his right to appeal. He will not now be heard to claim otherwise. Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005).

This claim is denied.

2. **Counsel was ineffective for failing to object to the sentencing judge's erroneous enhancement of Richards' sentence. (Ground One)**

Petitioner asserts that he was denied effective assistance due to counsel's failure to object to the enhancement of his sentence for possession of a firearm because that enhancement was an impermissible double counting in light of his §924(c) conviction pursuant to 18 U.S.C. § app. § 2K2.4 Application Note 4.

This section bars enhancement when the same firearm that was used in connection with the underlying offense was also used as the basis for the §924(c) conviction. A defendant, therefore, may receive both an enhancement under the guidelines and the mandatory sentence required by §924(c) if they are imposed for separate underlying conduct. Id. Here the relevant conduct for the enhancement was the five rifles and three handguns found by police on December 11, 2003. The relevant conduct for the §924(c) charge was Petitioner's conduct on November 11, 2004, during which he tossed a gun out of the window of his car.

Because Petitioner's erroneous firearm enhancement claim is without merit, there was no valid objection for counsel to make. Failure to raise a meritless argument does not constitute ineffective assistance. Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136 (11th Cir. 2005). Petitioner, therefore, failed to meet both the prejudice prong and the deficiency prong of the Strickland analysis.

This ground is denied.

3. **Counsel was ineffective for failing to present available mitigating evidence at Richards' sentencing. (Ground Two)**

Petitioner asserts that the prosecution's §5K1.1 Motion for a two level downward departure of the sentencing guidelines did not accurately reflect the extent of his substantial assistance and that he received ineffective assistance because his counsel did not present available supporting evidence to that effect. That supporting evidence included over 100 pages of documents detailing the information that Richards provided to the DEA and two witnesses on his behalf. Because circumstances can be so variable, discretion is accorded to the court to make an individual evaluation of a §5K1.1 motion.

Richards' counsel did, in fact, introduce the documentation of the information he provided. While the attorney did not go into to the details of the information in those documents, that is an allowable strategic decision under Strickland.

Petitioner further claims that his counsel misinformed the two witnesses of the time and date of the hearing. However, Petitioner stated that the witnesses were friends but failed to state what the witnesses would have said so that the Court could weigh the significance of their testimony. The Court may only consider evidence relating to the defendant's substantial assistance when evaluating a §5K1.1 motion. United States v. Luiz, 102 F.3d 466, 469 (11th Cir. 1996). Without more, the Court can not determine whether the testimony of the witnesses would have even been considered.

Furthermore, the commentary to §5K1.1 requires that the Court give substantial weight to the government's evaluation of the scope of the defendant's assistance. Here, the

Court weighed the government's evaluation with defense counsel's request for an additional two level departure (for a total of a four level downward departure). The Court opted to grant the government's motion for the two level downward departure only.

Because counsel did introduce the mitigating evidence referred to by Petitioner, there was no deficient performance by counsel. Moreover, Petitioner failed to establish prejudice based on counsel's conduct. Petitioner has failed to meet both Strickland prongs as to this ground and it will be denied.

4. **Counsel was ineffective for failing to file a notice of appeal or to consult Richards about the relative merits of doing so.**

In his Motion, Petitioner asserts that his counsel failed to file a notice of appeal or to consult with him to determine his interest in appealing. Even when a defendant does not specifically instruct counsel to appeal, the Court must still determine whether counsel consulted with the defendant about an appeal. Thompson v. United States, 481 F.3d 1297, 1300 (11th Cir. 2007). An evidentiary hearing will be necessary to resolve this issue.

This matter is hereby scheduled for an evidentiary hearing on **WEDNESDAY, JULY 25, 2007, AT 1:30 P.M.** at the U. S. Sam Gibbons Courthouse, 801 North Florida Avenue, Courtroom #13A, Tampa, Florida 33602, before the Honorable James S. Moody, Jr. Time reserved: Ninety (90) minutes.

The Government is directed to transport Petitioner to the Tampa, Florida, area at least twenty (20) days prior to the hearing so that he may meet with newly appointed counsel and

attend the hearing. Further, the Government is directed to subpoena Thomas H. Ostrander, Esquire, to be present at the hearing with his file concerning his representation of Petitioner.

Magistrate Judge Thomas G. Wilson is requested to appoint new CJA counsel for Petitioner and instruct said counsel to be prepared to address the remaining issue raised by Petitioner in his §2255 Motion herein.

**DONE** and **ORDERED** in Tampa, Florida on May 24, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Magistrate Judge Thomas Wilson
Counsel/Parties of Record
Thomas Ostrander, Esquire
United States Marshal

F:\Docs\2007\07-cv-172.deny 2255.wpd